## People *v.* Commissioners.

1. *Quære,* Are the statutes of a State in violation of the Constitution of the United States if they subject to taxation the capital of her citizens, although, on the day to which the assessment of it relates, it is invested in products on shipboard in the course of exportation to foreign countries, or in transit from one State to another for purposes of exportation.

2. If on that day it consisted of money, subsequent assessments including it cannot be set aside on the ground that, when they were made, it was employed in the purchase of products for exportation.

Error to the Supreme Court of the State of New York. The facts are stated in the opinion of the court.

*Mr. H. Charles Ulman* for the plaintiff in error.
*Mr. J. A. Beall,* contra.

Mr. Justice Harlan delivered the opinion of the court.

The only question presented upon the writ of error is, whether an assessment made by the board of tax commissioners for the city and county of New York, of the personal estate of Hanemann, the relator of the plaintiff in error, was in violation of the Constitution of the United States. The statute, under the authority of which it was made, provides that "all lands and all personal estate within this [that] State, whether owned by individuals or by corporations, shall be liable to taxation," subject to certain exemptions thereinafter specified. 1 Rev. Stat. N. Y., c. 13, tit. 1, sect. 1. It also declares that "the terms 'personal estate' and 'personal property,' whenever they occur in this chapter, shall be construed to include all household furniture; moneys; goods; chattels; debts due from solvent debtors, whether on account, contract, note, bond, or mortgage; public stocks; and stocks in moneyed corporations. They shall also be construed to include such portion of the capital of incorporated companies, liable to taxation on their capital, as shall not be invested in real estate." Id., sect. 3.

Hanemann, being a resident of the city, county, and State

of New York, was assessed for taxation, as of Jan. 1, 1876, upon his personal estate, exclusive of bank stock, to the amount of $60,000. He made application, supported by affidavit, for the reduction or remission of such assessment, upon these grounds: That the value and amount of all his personal estate, on the first day of January, 1876, and during the period covered by the assessment, did not exceed $125,000, of which $4,500 was invested in railroad bonds, and $1,000 in household furniture; that the remainder was " continuously employed in the business of exporting cotton from the United States of America to foreign countries, through the Customs Department of the United States aforesaid, and that said employment consists in purchasing and paying for the cotton in different States of the United States, and actually exported by deponent in said business, and for the payment of all the expenses of shipping the same as such exports," and that the only portion of his estate upon which he is liable to be assessed and taxed is the sum of $5,500. In his examination before the tax commissioners, upon the occasion of his application for reduction or remission, he further stated that " his said capital is invested uniformly and continuously in cotton, the product of, and having a situs in, various States outside of New York, and in transit to the port of New York, and other Atlantic ports, for the sole purpose of exportation, and no portion of such cotton is intended to be, or is, sold in New York, or any other United States market; that deponent purchases cotton largely upon credit, and that of his capital as much as $115,000 is continuously invested in cotton of the growth of the United States, which has been cleared at a custom-house, and is on shipboard in course of exportation to some foreign State or country."

The reduction and remission were both denied. Upon writ of *certiorari* the proceedings of the tax commissioners were affirmed in the Supreme Court of the State, and its judgment was affirmed by the Court of Appeals.

The assessment in excess of $5,500, it is claimed by plaintiff in error, was in violation as well of art. 1, sect. 10, and clause 2, as of art 1, sect. 8, clause 3, of the National Constitution. The main propositions advanced by his counsel are that products of the United States which have passed the Customs

Department, and are on shipboard in the course of exportation to a foreign market, have become exports, and are no longer within the taxing power of the State; that to tax money invested in such products is, in effect, laying an impost or duty on exports; that a tax on capital invested in the products of the United States, in transit from one State to another for purposes of exportation, or on money used and employed in exporting such products, is an unauthorized interference by the State with the regulation of commerce.

Although these propositions are deemed by counsel to be very easy of solution, we do not feel obliged to determine them in this case. The plaintiff in error was assessed, upon his personal property, as of Jan. 1, 1876. If the capital, which he claims was uniformly and continuously employed in the business of purchasing cotton for exportation from the United States to foreign countries, through the Customs Department, was, in fact, in money on the first day of January, 1876, he could not escape a subsequent assessment of that money upon the ground that, at the time the assessment was made, it was invested in cotton for exportation to foreign countries. Neither in his affidavit nor in his examination before the tax commissioners does he distinctly claim (and, perhaps, could not) that the capital which he thus employed in the business of purchasing cotton for exportation was, in fact, so invested on the first day of January, 1876. His capital may have been, in a business or mercantile sense, continuously so employed, and yet it may not have been, in fact, so invested at the date to which the assessment, whenever made, relates. We have no occasion, therefore, in the present case, to consider or determine the questions of constitutional law discussed by counsel. It will be time enough to consider them when they come before us in such form as to require their determination.

*Judgment affirmed.*

Note. — This cause was decided and the opinion delivered at the last term.