### UNITED STATES v. COLLINS et al.

(District Court, W. D. Louisiana. May 31, 1919.)

No. 2622.

**Intoxicating liquors ☜210—Indictment for purchase to be transported in interstate commerce charges offense.**

An indictment charging that defendant purchased intoxicating liquor in one state "to be transported in interstate commerce" for beverage purposes into another state, the laws of which prohibit its manufacture, *held* to state an offense under Reed Amendment March 3, 1917, § 5 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 8739a).

Criminal prosecution by the United States against Gould Collins and another. On motion to quash indictment. Overruled.

See, also, 254 Fed. 869.

Joseph Moore, U. S. Atty., and J. H. Jackson, Asst. U. S. Atty., both of Shreveport, La.

J. M. Grimmet and J. S. Atkinson, both of Shreveport, La., for defendants.

JACK, District Judge. Defendants, Gould Collins and L. W. Boykin, have moved to quash the indictment against them, in which it is charged that they unlawfully ordered and purchased a certain quantity of intoxicating liquors at Monroe, La., to be transported in interstate commerce from there into the state of Texas, the laws of which state prohibit the manufacture of such liquors for beverage purposes, in violation of the federal statute prohibiting such transportation, commonly known as the Reed Amendment, being part of section 5 of the Postal

Appropriation Act of March 3, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 8739a), reading as follows:

"Whoever shall order, purchase, or cause intoxicating liquors to be transported in interstate commerce, except for scientific, sacramental, medicinal, and mechanical purposes, into any state or territory the laws of which state or territory prohibit the manufacture or sale therein of intoxicating liquors for beverage purposes shall be punished as aforesaid: Provided, that nothing herein shall authorize the shipment of liquor into any state contrary to the laws of such state."

This is the second indictment returned against the defendant Gould Collins for violation of the Reed Amendment, based on the same offense. 254 Fed. 869. In the first indictment, however, it was charged that he had transported the intoxicating liquors in interstate commerce from the city of Monroe, La., to the parish of Caddo, La., with the state of Texas as the intended destination of such transportation. The court quashed the indictment on the ground that, whereas the indictment was based on that portion of the statute making it an offense to cause to be transported intoxicating liquors into a state, the laws of which forbid their manufacture or sale, the indictment showed that the transportation had not been completed into the state of Texas, the liquor not having been carried beyond the limits of the state of Louisiana.

Thereupon the present indictment was returned, in which actual transportation is not alleged, but the purchase of such liquors to be transported is charged. The defendants have filed a motion to quash on various grounds. It is not necessary to consider those covered in the opinion in the former case. The new issue now presented is whether the act covers a purchase in Louisiana, made in person by the defendant, of liquor to be by him transported to the state of Texas, in which state the manufacture of liquors is prohibited by state statute, and which, therefore, comes within the provision of the Reed Amendment. It is contended by counsel for the defendants that only such orders or purchases as are made by correspondence or telegraph, by a defendant in another state to which the liquors are to be transported, come within the reach of the law; that purchases such as alleged in the indictment constitute intrastate commerce over which Congress has no control, and that the construction placed on the act by the government would therefore render it unconstitutional.

By the specific terms of the act it may be violated in any one of three ways: First, by ordering intoxicating liquors to be transported in interstate commerce, except for the purposes enumerated, into any state the laws of which prohibit their manufacture or sale; second, by purchasing such intoxicating liquors to be so transported in interstate commerce into any state whose laws prohibit their manufacture or sale; or, third, by causing such intoxicating liquors to be actually so transported in interstate commerce into such a state. Where a defendant is indicted under the third provision enumerated, it is necessary that the transportation should have been completed into the prohibited state; but, where he is indicted under the first or second provisions, it is sufficient that he be charged with ordering or purchasing such

intoxicating liquors to be so transported in interstate commerce into such a prohibited state. In other words, the offense consists in such order or purchase with the intent and for the purpose of transporting the liquors in violation of the inhibition of the law. Under the plain language of the statute it is not necessary that the order or purchase should have been made in interstate commerce as contended by the defense. This phrase qualifies, not the order or purchase, but the subsequent transportation. This is the correct grammatical construction of the act, and is, I think, what Congress intended. It is not material from where the defendant made the order or purchase, if the liquor was to be transported in interstate commerce in violation of the statute.

Counsel cite many cases in support of the contention that such purchases constitute intrastate rather than interstate commerce: Coe v. Errol, 116 U. S. 517, 6 Sup. Ct. 475, 29 L. Ed. 715; Hopkins v. United States, 171 U. S. 579, 19 Sup. Ct. 40, 43 L. Ed. 290; In re Conecuh Pine Lumber & Mfg. Co. (D. C.) 180 Fed. 249; Gulf, C. & S. F. R. R. Co. v. Texas, 204 U. S. 403, 27 Sup. Ct. 360, 51 L. Ed. 540; Turpin v. Burgess, 117 U. S. 504, 6 Sup. Ct. 835, 29 L. Ed. 988; New York v. Tax & A. Com'rs, 104 U. S. 466, 26 L. Ed. 632; Paul v. Virginia, 75 U. S. (8 Wall.) 168, 19 L. Ed. 357; U. S. v. Freeman, 239 U. S. 117, 36 Sup. Ct. 32, 60 L. Ed. 172; United States v. Chavez, 228 U. S. 525, 33 Sup. Ct. 595, 57 L. Ed. 950; Hammer v. Dagenhart, 247 U. S. 251, 38 Sup. Ct. 529, 62 L. Ed. 1101, 3 A. L. R. 649, Ann. Cas. 1918E, 724.

Under these authorities, I think that the purchase in itself, even for the purpose named, was not an act of interstate commerce. The indictment does not allege any actual transportation. It does not follow, however, that Congress did not intend, nor that it had not the authority, to prohibit such order or purchase of intoxicating liquors for such illegal purpose. If Congress has authority to prohibit the doing of certain acts, it may penalize the attempt to do such an act, or a conspiracy to accomplish the unlawful purpose. Thus these two defendants might have been indicted for conspiracy to violate this statute, and the purchase of the liquor might have been alleged as an overt act. It would not have been necessary to allege or prove actual transportation into the state of Texas, or, in fact, any transportation at all.

In many instances attempts to do an unlawful thing are made offenses by act of Congress. It is a crime to present a false claim for loss of a registered letter or package, for an importer to offer a present to a custom officer, for a person to attempt to utter or pass counterfeit money, or to offer a bribe to an officer. It is not necessary in any of these cases that the illegal purpose should have been accomplished.

The offense charged in the indictment is in the nature of an attempt to violate a federal statute, and, I think, within the authority of Congress. As was said in the Lottery Case, 188 U. S. 321, 23 Sup. Ct. 321, 47 L. Ed. 492:

"It [the Constitution] leaves to Congress a large discretion as to the means that may be employed in executing a given power. The sound construction of the Constitution, this court has said, 'must allow to the national Legislature

that discretion, with respect to the means by which the powers it confers are to be carried into execution, which will enable that body to perform the high duties assigned to it in the manner most beneficial to the people. Let the end be legitimate, let it be within the scope of the Constitution, and all means which are appropriate, which are plainly adapted to that end, which are not prohibited, but consist with the letter and spirit of the Constitution, are constitutional.'"

The act does not attempt to regulate intrastate commerce, but to prevent certain transportation of liquors in interstate commerce, and, to accomplish this, it prohibits the purchase of intoxicating liquors for that illegal purpose. It cannot therefore be said that Congress exceeded its constitutional authority.

The motion to quash is overruled.