GLOSTER LUMBER CO., INC., v. ADAMS COUNTY.

(Division A. Oct. 21, 1935.)

[163 So. 541. No. 31834.]

F. A. Anderson, Jr., of Gloster, for appellant.

W. A. Geisenberger, of Natchez, for appellee.

Argued orally by **F. A. Anderson, Jr.**, for appellant, and by **W. A. Geisenberger**, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

This is an appeal from a judgment affirming an order of the board of supervisors of Adams county denying the prayer of a petition by the appellant to be relieved from the payment of taxes assessed to it for the year 1934, as the owner of certain land situated in Adams county.

On and before the first day of January, 1934, the appellant owned the land. On January 2, 1934, it executed an option to the secretary of agriculture of the United States of America by which it offered to sell the land to the government, giving it three months within which to accept the offer. On the eleventh day of January the offer was accepted by the government, and it went into possession of the land. The execution of a deed thereto awaited the government's approval of the appellant's title to the land and was not executed until December 28, 1934.

The appellant's contention, as stated by its counsel, is "that the United States were vendees in possession of said land in Adams county, Mississippi, during all but eleven days of the year 1934 and that as such they are the party assessable for the purpose of taxation for the year 1934 and not the Gloster Lumber Company."

The assessment of property for taxation is governed wholly by our revenue statutes; the pertinent sections here being 3120, 3121, 3122, and 3132, Code of 1930.

Section 3120. All taxes assessed shall be a lien upon and bind the property assessed from the first day of January of the year in which the assessment shall be made.

Section 3121. All taxable property brought into the state or acquired or held by any person before the first day of January shall be assessed, and taxes thereon paid for the ensuing year.

Section 3122. "Every lawful tax assessed, levied or imposed by the state, or by a county, municipality, or levee board, whether ad valorem, privilege, excise, income, or inheritance, is a debt due by the person or corporation owning the property or carrying on the business or profession upon which the tax is levied or imposed, whether properly assessed or not, or by the person liable for the income, inheritance or excise tax, and may be recovered by action; and in all actions for the

recovery of ad valorem taxes the assessment roll shall only be prima facie correct."

Section 3132. "It shall be the duty of each person to make out and deliver to the tax assessor, upon demand, and if not demanded, not later than the first day of April in each year, a true list of his taxable property with the value of each article, specifying all such property of which he was possessed on the next preceding tax lien date in his own right."

Under these sections property is assessable to, and taxes due thereon are payable by, the person who owned the property on the first day of January of the year in which the property is assessed for taxation. We will assume, as counsel for appellant claims and counsel for appellee admits, that the government received the land free from the lien thereon for taxes, but that does not relieve the appellant from its personal obligation to pay the taxes provided by section 3122.

Affirmed.