STATE BOARD OF TAX APPEALS.

## COLLEGE OF PATERSON, PETITIONER, v. CITY OF PATERSON, RESPONDENT.

Decided December 12, 1939.

For the petitioner, *Beggs & Grimshaw* (by *Edward G. Weiss*).

For the respondent, *Salvatore Viviano*.

QUINN, President.   Petitioner, incorporated as an association not for pecuniary profit for the purpose of conducting a junior college, operates an institution for higher learning in a building which it leases from Saher Corporation, owner, in the city of Paterson.   The personal property of petitioner located in the building was assessed for taxation for the year 1938 by the respondent taxing district, and an appeal to the Passaic County Board of Taxation resulted in an affirmance of the assessment.

The present appeal prays for a cancellation of the assessment upon the alleged ground that the personalty assessed

was located in a building actually used as a college, not for pecuniary profit, and was used for college and school purposes on the assessing date. The pertinent statute is *Pamph. L.* 1918, *ch.* 236, § 203 (*R. S.* 54:4-3.6), which, so far as is here material, is as follows: The numbers prefacing the clauses are added by us for readiness of identification.

"The following property shall be exempt from taxation under this chapter: (1) All buildings actually used for colleges, schools, academies or seminaries; * * * (2) the land whereon any of the buildings hereinbefore mentioned are erected, and which may be necessary for the fair enjoyment thereof, and which is devoted to the purposes above mentioned and to no other purpose and does not exceed five acres in extent, (3) the furniture and personal property in said buildings if used in and devoted to the purposes above mentioned; (4) provided, in case of all the foregoing, the buildings, or the lands on which they stand, or the associations, corporations or institutions using and occupying them as aforesaid, are not conducted ·for profit, except that the exemption of the buildings and lands used for charitable, benevolent or religious purposes shall extend to cases where the charitable, benevolent or religious work therein carried on is supported partly by fees and charges received from or on behalf of beneficiaries using or occupying the building; provided, the building is wholly controlled by and the entire income therefrom is used for said charitable, benevolent or religious purposes. (5) The foregoing exemptions shall apply only where the association, corporation or institution claiming the exemption owns the property in question and is incorporated or organized under the laws of this state and authorized to carry out the purposes on account of which the exemption is claimed."

The first question presented for determination is whether the statute contemplates an exemption of personal property situated in a building not itself exempt, within the purview of the act. We think the fifth clause, *supra,* qualifies the first, not only by way of limitation of the buildings which are entitled to exemption, but also as a characterization of those

buildings, location in which, under the third clause, makes personal property and fixtures eligible for exemption. It has been frequently iterated that under this act and its predecessors the primary object of exemption is the building used for the educational, religious, charitable, &c., purpose. In *Township of Lawrence* v. *Lawrenceville School, State Board Tax Reports* 1912-1934, *p.* 339, it was stated:

"The exemption of personal property from taxation under section 203, paragraph 4 of the General Tax act (Revision of 1918) is limited to the furniture and personal property in buildings of the exempt class and devoted to the same purposes as those for which the buildings are used."

In *Sisters of Charity of St. Elizabeth* v. *Cory (Court of Errors and Appeals,* 1907), 73 *N. J. L.* 699; 65 *Atl. Rep.* 500, in considering the extent of exemption of land envisaged by the act, it was said:

"The primary object of the exemption is the building. Included with it in the exemption is a certain portion of the land."

And see *Children's Seashore House* v. *Atlantic City (Court of Errors and Appeals,* 1902), 68 *N. J. L.* 385 (at *p.* 390); 53 *Atl. Rep.* 399; *Middlesex Council, Boy Scouts of America* v. *Township of Blairstown (State Board),* filed August 14th, 1939.

Under all the circumstances, and having regard for the fundamental rule of strict construction of tax exemption legislation, we are unable to conclude that the legislature intended an exemption of personal property not found in a tax-exempt building. We do not regard *Y. M. C. A. of Garfield* v. *State Board (Supreme Court,* 1936), 14 *N. J. Mis. R.* 831; 186 *Atl. Rep.* 702, cited by petitioner, as authority to the contrary. The point presently under consideration does not appear to have been there specifically raised or argued, and is certainly not considered in the opinion of the court.

Entirely apart from the ground for denial of exemption thus far considered herein, that result must be reached nevertheless for another reason. The proviso which we have num-

bered 4, in the act, provides, "in case of *all* the foregoing," (necessarily including an application for exemption on behalf of personal property) that the buildings, or the lands or the institutions using them are not conducted for profit. We construe this provision to provide clearly that personal property, though used for school purposes, is not tax exempt when located in a building operated for profit. The building here in question is conducted for profit in that it is a source of revenue to the landlord to whom petitioner pays rent. *Cf. Dana College* v. *State Board of Tax Appeals* (*Supreme Court, 1936*), 14 *N. J. Mis. R.* 308; 184 *Atl. Rep.* 412.

For the reasons aforementioned the judgment of the Passaic County Board is affirmed.