RAFAEL BUSCAGLIA, TESORERO DE PUERTO RICO, peticionario, *v.* TRIBUNAL DE CONTRIBUCIONES DE PUERTO RICO, ETC., demandado.

Núm. 1.—*Sometido:* Noviembre 29, 1943. *Resuelto:* Febrero 2, 1944.

*Hon. Procurador General Interino M. Rodríguez Ramos* y *M. Velázquez Flores, Procurador General Auxiliar,* abogados del peticionario; *J. J. Ortiz Alibrán, R. B. Pérez Mercado* y *M. Reyes Serrano,* abogados del interventor, querellante en el pleito principal.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

El día 15 de enero de 1941 la Puerto Rico Reconstruction Administration vendió, por escritura pública otorgada ante el notario R. B. Pérez Mercado, una finca de 104.94 cuerdas radicada en los barrios Pueblo y Palma, de Arroyo, a Samuel Martín. A pesar de que en dicha escritura se hizo constar que la venta tenía carácter retroactivo al 30 de diciembre de 1940, no se hizo entrega material de la finca por la vendedora al comprador hasta el 25 de enero de 1941 y además no fué hasta el 12 de febrero de 1941 que se inscribió el traspaso en el Registro de la Propiedad de Guayama.

El 16 de octubre de 1941 el Tesorero de Puerto Rico tasó la finca en $27,680 a los efectos de la imposición de la contribución sobre la propiedad correspondiente al año 1941–42 y notificó dicha valoración al comprador Samuel Martín. Apeló entonces el Sr. Martín para ante el Tribunal de Contribuciones alegando, 1, que la propiedad está exenta de contribuciones sobre la propiedad para el año 1941–42 porque en enero 15, 1941, la finca pertenecía al Gobierno de los Estados Unidos que estaba en posesión de la misma; 2, que la tasación adolecía del defecto de no ser uniforme, y 3, que el justo valor de la misma era de $20,980. Contestó el Tesorero negando que la finca estuviera exenta de contribuciones y en contrario alega que fué vendida el 15 de enero de 1941 con carácter retroactivo dicha venta al 31 de diciembre de 1940 y por tanto el dueño era Samuel Martín y no el Gobierno de los Estados Unidos. Empero, el Tesorero aceptó en una estipulación que la escritura de venta no fué inscrita en el Registro hasta el 12 de febrero de 1941. En la vista celebrada ante el Tribunal de Contribuciones se probó por el querellante que no fué hasta el 25 de enero de 1941 que la Puerto Rico Reconstruction Administration autorizó al comprador Martín a tomar posesión de la finca vendida y que en efecto fué en dicha fecha que tomó posesión. (Véase la carta de 25 de enero de 1941 dirigida al Sr. Martín por el Sr. Francisco Colón Moret, Jefe, División de Servicios de

la Central Lafayette, a nombre del Sr. Fairbanks, Administrador de dicha Central (Exhibit A, querellante) y además la declaración del Sr. Colón ante el Tribunal de Contribuciones en la cual expresamente dijo que él entregó la finca al Sr. Martín el 25 de enero y que antes de dicha fecha el Sr. Martín no estaba en posesión ((T. de E., págs. 16–17) corroborando así la declaración del propio querellante (T. de E., pág. 25, 27, 33)).

Además en el Exhibit ''A'' mencionado, se hace constar expresamente ''Sírvase tomar nota de que en adelante todos los cargos de dicha parcela serán por su cuenta''. Esta prueba del querellante no fué contradicha en forma alguna por el Tesorero.

El Tribunal de Contribuciones dictó sentencia declarando con lugar la querella y como consecuencia resolvió que la finca del querellante está exenta de tasación a los efectos del pago de contribuciones sobre la propiedad para el año 1941–42. Para revisar dicha sentencia interpuso el Tesorero de Puerto Rico el presente recurso de *certiorari* de acuerdo con la Ley núm. 169 de 1943 (pág. 601) y como único error cometido por el Tribunal de Contribuciones, alega:

''. . . Que a pesar de que el señor Samuel Martín no tomó posesión efectiva del inmueble hasta el 25 de enero, sin embargo, habiéndose otorgado la escritura de compraventa en 15 de enero, desde esa fecha en adelante, él era el único y legítimo dueño del inmueble en cuestión. La consumación del contrato se llevó a cabo mediante el otorgamiento de la escritura de compraventa entre el adquirente y el trasmitente.''

El artículo 298 del Código Político, en lo pertinente, dispone:

''Que todos los bienes raíces serán tasados en el municipio en que estuvieren ubicados, para imponerles contribución, a nombre de la persona que fuere dueño de los mismos o que estuviere en posesión de ellos el día quince de enero, y la persona en cuyo nombre aparecieren inscritos en dicha fecha será tenida por dueño legítimo de dichos bienes. . .''

Sostiene el peticionario que el dueño de la finca vendida el 15 de enero de 1941 lo era el comprador Samuel Martín, de acuerdo con el segundo párrafo del artículo 1351 del Código Civil, que dispone que: "Cuando se haga la venta mediante escritura pública, el otorgamiento de ésta equivaldrá a la entrega de la cosa objeto del contrato, si de la misma escritura no resultare o se dedujera claramente lo contrario," y que, por lo tanto, no es de aplicación la frase final del artículo 298 del Código Político, supra, al efecto de que "la persona en cuyo nombre aparecieren inscritos en dicha fecha (15 de enero) será tenida por dueño legítimo de dichos bienes."

No tiene razón, a nuestro juicio, el peticionario. En el caso de *Emanuelli* v. *Cadierno*, 50 D.P.R. 134, interpretando y aplicando el artículo 1351, supra, se resolvió, ratificando anterior jurisprudencia del caso de *López* v. *Lizardi*, 27 D. P.R. 755, que "Otorgada una escritura pública de compraventa, existe la presunción *juris tantum* de la entrega. En el orden normal de las cosas, la presunción es la realidad misma. Pero si surge un caso contrario en la realidad, la entrega simbólica reconocida en el segundo párrafo del artículo 1365 del Código Civil (ahora 1351) no decide finalmente la cuestión." Refiriéndose entonces a la prueba aducida en el caso, se dijo a la página 144:

"Y aquí la evidencia practicada produce la convicción de que de hecho el solar que da a la carretera jamás le fué entregado por el demandado a la demandante, ni ésta tomó posesión material ni disfrutó de él en modo alguno, motivo por el cual no podemos estar conformes con el juez sentenciador en que, en cuanto a ese solar se refiere, se trate de un contrato verdaderamente *consumado y perfecto. . .*" (Bastardillas nuestras.)

Habiendo demostrado la prueba en el caso de autos que a Samuel Martín no se le dió posesión de la finca hasta el 25 de enero, no fué hasta dicha fecha que el contrato quedó consumado aun cuando se hubiera perfeccionado al otorgarse

la escritura en enero 15. Artículo 1339 Código Civil; *Varcárcel v. Sancho Bonet, Tesorero*, 61 D.P.R. 213. Tenemos que convenir, por lo tanto, que no erró el tribunal inferior al resolver que el dueño de la finca el 15 de enero de 1941 lo era, de acuerdo con el artículo 298 del Código Político, supra, "la persona en cuyo nombre aparecieren inscritos en dicha fecha" o sea la Puerto Rico Reconstruction Administration, y que, por tanto, la finca estaba exenta del pago de contribuciones para el año 1941–42.

En el caso de *Asociación de Maestros* v. *Sancho Bonet, Tesorero*, 54 D.P.R. 536, citando extensamente de la obra de Cooley *on Taxation*, volumen 3, pág. 2138, sección 1062, sostuvimos la contención del Tesorero de Puerto Rico al efecto de que de conformidad con el artículo 298 del Código Político, supra, "cualquier cambio que haya en el dominio o en la naturaleza contributiva de la propiedad con posterioridad al 15 de enero, aunque ocurra antes del primero de julio, cuando vence el primer semestre de la contribución, no afecta la responsabilidad del dueño que figuraba como tal en enero 15."

En dicho caso la situación era a la inversa de la que presenta el de autos. El comprador era el que estabá exento del pago de contribuciones y resolvimos que "En casos de ventas a compradores que de por sí están exentos del pago de contribuciones, se ha resuelto que el dueño del terreno al tiempo de la tasación (15 de enero) es personalmente responsable del pago de las contribuciones impuestas sobre el mismo. (citas.)" (Paréntesis nuestro.)

El hecho de que en la escritura se le diera carácter retroactivo a la venta al 31 de diciembre de 1940 no tiene efecto legal alguno en cuanto a la cuestión envuelta en este recurso.

*Debe declararse sin lugar el recurso y anularse el auto expedido.*