Alfonso Valdés Cobián, demandante y recurrente, *v.* Secretario de Hacienda, demandado y recurrido.

*Número:* R-65-233    *Resuelto:* 23 de diciembre de 1966

---

[1] Riesgo Sirviente y Empleado, clave 0912-011.

*McConnell, Valdés & Kelley* y *Pablo R. Cancio,* abogados del recurrente; *J. B. Fernández Badillo, Procurador General,* e *Irene Curbelo, Procuradora General Auxiliar,* abogados del recurrido.

Sala Primera integrada por su Presidente el Juez Asociado Señor Pérez Pimentel y los Jueces Asociados Señores Hernández Matos, Rigau y Dávila.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

El recurrente era dueño del "Castillo Valdés" en las cercanías de la ciudad de Mayagüez. La estructura estaba enclavada en un predio de aproximadamente nueve cuerdas de cabida. El Estado lo expropió. La demanda fue radicada el 30 de enero de 1961. En esa fecha el Estado fue investido con el título.

El Secretario de Hacienda con fecha 1ro. de julio de 1960 notificó al recurrente el recibo imponiéndole la contribución sobre la propiedad para el ejercicio fiscal 1960–61. El recurrente hizo el pago por el año completo por la cantidad de $1,336.68 el 29 de julio siguiente.

Fundándose en que desde el 2 de junio de 1960 el inmueble estaba afectado por un proyecto de mejoras públicas y acogiéndose a las disposiciones de la Ley Núm. 60 de 20 de junio de 1958, 13 L.P.R.A. secs. 597 *et seq.,* el contribuyente solicitó del Secretario el reintegro de la contribución pagada. El Secretario denegó la petición de reintegro "por razón de que siendo el demandante el dueño de la propiedad al 1ro. de enero de 1960 y no estando la propiedad afectada por el Proyecto de Mejoras Públicas a esa fecha, [el Secretario] entendió que la contribución había sido debidamente impuesta y por tanto no procedía el reintegro solicitado."

El caso fue sometido mediante la siguiente estipulación:

"2. Que ambas partes han acordado estipular y estipulan aquí que la propiedad en cuestión estaba desocupada y sin uso, por lo que deben tenerse por admitidos por el demandado todos los hechos alegados en la demanda.

"3. Que ambas partes han acordado estipular y por la presente ESTIPULAN que a partir del 2 de junio de 1960 y durante todo el tiempo comprendido en el año fiscal a que se refiere la demanda, y aún posteriormente, la propiedad en cuestión además de estar desocupada o sin uso, no producía renta alguna y el demandante estaba imposibilitado de construir en el inmueble o hacer mejora alguna por estar dicho inmueble afectado por un proyecto de mejora pública.

"4. Que a virtud de la presente ESTIPULACIÓN, la cuestión en controversia entre las partes es una puramente de derecho y se reduce a que el Hon. Tribunal determine, sin necesidad de que se presente prueba adicional, si para poderse acoger el demandante a la exención provista en la ley número 60 en cuestión, era necesario que al día primero de enero de 1960 existiesen las condiciones que sirven de base a la exención, según sostiene el demandado, o si por el contrario como sostiene el demandante, lo determinante es que dichas condiciones existan durante el período fiscal comprendido entre julio 1ro., 1960 y junio 30, 1961."

Al resolver la cuestión el tribunal de instancia expresó:

"Es doctrina generalmente aceptada en materia de contribución sobre la propiedad que la Ley en vigor al día en que se impone la contribución es la que va a determinar cuales propiedades están exentas y cuales no lo están. Igualmente se acepta que no se debe dar efecto retroactivo a una exención contributiva a menos que tal intención esté claramente expresada en el estatuto. 2 Cooley 1373, 1374, 4ta. ed. Si la propiedad no está exenta de contribuciones el día en que ésta se impone (assesed) aún cuando sea posteriormente exenta debe pagar ese año, *National Hats Co.* v. *Sancho, Tes.,* 65 D.P.R. 241, ya que la responsabilidad del pago de las contribuciones surge en esa fecha y no el 1ro. de julio o el 1ro. de enero siguiente. *Asociación de Maestros* v. *Sancho Bonet, Tes.,* 54 D.P.R. 536."

Examinemos la ley invocada por la recurrente para determinar si es correcta la actuación del tribunal de instancia.

La Ley Núm. 60 exime "del pago de contribuciones territoriales aquellas propiedades total o parcialmente afectadas por el mapa oficial, aprobado por la Junta de Planificación a

tenor con los artículos 11 y 19 de la Ley 213 de 1942; así como aquellas incluidas dentro de un distrito 'P' de un mapa de zonificación y dentro de cualesquiera proyectos de mejoras públicas en áreas zonificadas debidamente aprobadas que requieran la compra o expropiación de dichos solares para la realización de dichos proyectos."

Entre los requisitos impuestos para acogerse a los beneficios de la ley a los dueños de los solares que estuvieren edificados está el "que se encuentren desocupados o sin uso, y que no se hallen produciendo rentas durante todo el tiempo que se mantengan en tales condiciones y mientras dure la imposibilidad de construir que motiva la exención."

Es correcta la sentencia dictada por el tribunal de instancia. En *National Hats Co.* v. *Sancho, Tes.*, 65 D.P.R. 241 (1945) citamos de 2 Cooley, *Taxation*, Sec. 712, 4ta. ed. lo siguiente:

"Si la propiedad no está exenta el día que se impone la contribución (*tax day*), está sujeta a contribución para el año fiscal aun cuando posteriormente sea exenta. Por ejemplo, se ha resuelto que cuando una finca ha llegado a estar sujeta al pago de contribuciones continúa estándolo durante un año aunque subsiguientemente se adquiera para fines que la eximen. Así, cuando una constitución que prohibe exenciones entra en vigor después de la fecha fijada para la tasación de la propiedad, el derecho a exención de contribuciones para dicho año no es afectado."

Y expresamos además:

"En el caso de *Sisters of the Poor* v. *New York*, 3 N.Y. Supp. 433, 20 N.E. 417, citado por Cooley, se resolvió que propiedad sujeta a contribución cuando los libros de tasación estaban abiertos para la corrección de las tasaciones, pero que después y antes de ser cerrados, fue transferida a una corporación cuya propiedad estaba exenta, no quedaba por ese hecho exenta de pago. Y en el de *Swan* v. *State*, 77 Ala. 545, se resolvió que cuando el año contributivo, en cuanto a propiedad inmueble se refiere, comenzaba el primero de enero y ciertas tierras fueren declaradas exentas de contribuciones por ocho años desde el

primero de mayo de 1876, el término de exención comenzaba con el año 1877. Así mismo en el caso de *City of Newport* v. *Masonic Temple Association,* 45 S.W. 881, se sostuvo que estando la propiedad exenta del pago de contribuciones por la demandada el día en que las mismas eran impuestas, ese derecho de exención no era afectado por la limitación sobre exenciones contenida en la constitución aprobada con posterioridad a dicha fecha."

Véanse además *Buscaglia* v. *Tribunal de Contribuciones,* 63 D.P.R. 39 (1944) y *Asociación de Maestros* v. *Sancho Bonet,* 54 D.P.R. 536 (1939).

La ley ha fijado un día determinado para imponer la responsabilidad contributiva. Ese día lo es el 1ro. de enero de cada año, 13 L.P.R.A. sec. 450. Si en esa fecha existe tal responsabilidad, surge la obligación de pagar las contribuciones correspondientes al ejercicio fiscal que comienza el próximo 1ro. de julio. Como el 1ro. de enero de 1960 el "Castillo Valdés" no estaba afectado por un proyecto de mejora pública el contribuyente no tiene derecho a la exención contributiva que concede la Ley Núm. 60 de 1958. El contribuyente tendría derecho, concurriendo los requisitos exigidos por la ley el 2 de enero de 1961, a disfrutar de los beneficios de la misma en el próximo año contributivo.

*Se confirmará la sentencia que dictó el Tribunal Superior, Sala de San Juan, en 6 de octubre de 1965.*

El Juez Asociado Señor Hernández Matos disintió.