Rafael Blanch, demandante y apelado, *v.* La Sucesión de Feliciana del Moral de Martínez, Etc., demandados y apelantes.

Núm. 8098.—*Sometido:* Mayo 23, 1940. *Resuelto:* Junio 10, 1940.

*Pascasio Fajardo Martínez,* abogado de los apelantes; *Enrique Báez García,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

Rafael Blanch demandó a la Sucesión de Feliciana del Moral de Martínez en cobro de la suma de $550 que alega haber facilitado a la causante, con el consentimiento de su esposo, a razón de $10 semanales, durante el período de julio de 1927 a septiembre de 1928. Alega el demandante. que dicha señora se comprometió a devolverle la cantidad prestádale tan pronto obtuviera de su señora madre cierta cantidad como anticipo a cuenta de su haber hereditario; que la prestataria falleció sin haber devuelto al demandante el

importe del préstamo, dejando como únicos herederos a los demandados, quienes tampoco han hecho efectiva la deuda.

Contestaron los demandados negando específicamente los hechos esenciales de la demanda y alegando la prescripción de la acción ejercitada por el demandante. Y por vía de contrademanda alegan:

Que los contrademandantes figuran entre los herederos de doña Carmen Nadal y Freyre, viuda de Del Moral, quien falleció el 23 de abril de 1932; que como tales herederos obtuvieron por concepto de herencia testada y por estirpes un quinto de dos tercios del haber hereditario de la testadora, la cual herencia aceptaron; que el demandante y contrademandado al tiempo del fallecimiento de doña Carmen Nadal y Freyre adeudaba a ésta la suma de $3,000 por concepto de cánones de arrendamiento de un solar, a razón de $50 mensuales durante sesenta meses de septiembre de 1925 a agosto de 1930; que a los contrademandantes les corresponde como herederos de doña Carmen un quinto de dos tercios de dicha deuda, por cuya suma piden sentencia a su favor.

El demandante contrademandado interpuso las defensas de prescripción de la acción ejercitada en la contrademanda; falta de causa de acción; y falta de jurisdicción de la corte de distrito para conocer de la contrademanda, por la que solamente se reclama la suma de $400.

Vistas las excepciones previas en oposición a la contrademanda, la corte inferior dictó resolución desestimando la contrademanda por los siguientes fundamentos: (a) porque de las alegaciones de la contrademanda no aparece que la suma de $400 adeudada por Rafael Blanch a doña Carmen Nadal Freyre y reclamada por los contrademandantes como herederos de ésta, hubiese sido adjudicada a dichos herederos como parte de su haber hereditario; y (b) porque siendo la suma reclamada la de $400, es a la corte municipal a la que compete conocer del caso originalmente.

El 30 de marzo de 1939, fecha señalada para la vista del caso, los demandados alegaron que la acción que ejercita el

demandante está prescrita de acuerdo con los artículos 1866, inciso 3º., y 1869 del Código Civil.

La corte de distrito dictó sentencia desestimando la excepción de prescripción y declarando con lugar la demanda. Los demandados han interpuesto el presente recurso, basándolo en diez señalamientos de error que imputan a la corte sentenciadora.

■ En los cuatro primeros señalamientos se alega que la corte inferior erró al declarar sin lugar las excepciones previas a la demanda y la defensa especial de prescripción.

La demanda es a nuestro juicio suficiente. En ella se alega la contratación de un préstamo, y la promesa de la prestataria de devolver la suma prestada tan pronto obtuviera un anticipo a cuenta de su haber hereditario; que la prestataria falleció dejando incumplida la obligación y como únicos herederos a los demandados.

■ La obligación de pagar la suma prestada venció el 6 de diciembre de 1928, fecha en que falleció la deudora sin haber obtenido el anticipo a cuenta de su herencia materna. La demanda fué radicada el 29 de marzo de 1937, o sea cerca de nueve años después de haber vencido la obligación. La prescripción de cinco años que fija el artículo 1866, inciso 3, del Código Civil (ed. 1930) no es aplicable al caso de autos.

Comentando el artículo 1966 del Código Civil español, que es el equivalente al 1866 de nuestro Código, dice Manresa:

"*Prescripción por término de cinco años.*—Por este tiempo prescriben, según el precepto establecido en el artículo 1966, las acciones que puedan corresponder para exigir el cumplimiento de las obligaciones siguientes:

"1ª. La de pagar pensiones alimenticias.

"2ª. La de satisfacer el precio de los arriendos, sean éstos de bienes rústicos o de fincas urbanas.

"3ª. La de cualesquiera otros pagos que deban hacerse por años o en plazos más breves.

"No es aplicable esta regla de prescripción mas que en las reclamaciones en que se trate de pagos de pensiones atrasadas que hubiere derecho a reclamar por años o en plazos breves. Así lo tiene decla-

rado el Tribunal Supremo en sentencia de 26 de octubre de 1904, en la que se estableció además de la doctrina que para los efectos de la prescripción regulada por el citado artículo 1966, no puede servir de base el origen, causa o razón del reconocimiento de la deuda, sino la naturaleza de la obligación contraída;..."

Tratándose de una acción personal en cobro de dinero, para el ejercicio de la cual la ley no fija un término específico, es de aplicación el artículo 1864 del Código Civil que fija un término de 15 años para el ejercicio de tales acciones. No erró la corte sentenciadora al desestimar las excepciones previas y la defensa de prescripción.

■ Los demandados estaban obligados a pagar la deuda contraída por su señora madre, no solamente por ser sus únicos y universales herederos, si que también especialmente por haber heredado en su nombre y representación lo que a ella hubiera correspondido en la herencia de doña Carmen Nadal y Freyre, con lo cual ella había prometido pagar la deuda al demandante.

■ No erró la corte inferior al declarar que la acción que se ejercitaba en la contrademanda estaba prescrita. La acción para exigir el cumplimiento de la obligación de satisfacer el precio de los arriendos, ya sean éstos de fincas rústicas o de fincas urbanas, prescribe por el transcurso de cinco años. Artículo 1866, inciso 2, Código Civil (ed. 1930).

■ Creemos innecesario discutir los señalamientos restantes. Se refieren todos a la cuestión de interrupción de la prescripción por el alegado reconocimiento de la deuda por el esposo de la deudora y padre de los demandados. Habiendo resuelto que el término de prescripción aplicable es el de 15 años y que la acción del demandante fué interpuesta a tiempo, la cuestión sobre si el esposo reconoció la deuda o tenía o no derecho a reconocerla carece de importancia.

■ No hubo error en la admisión de las dos cartas escritas por el esposo de la deudora al acreedor demandante, en mayo y junio de 1932, en las cuales acepta y reconoce la deuda contraída por su esposa. Esas cartas eran admisibles

para probar que la obligación había sido contraída con el consentimiento del esposo. La ratificación posterior equivale al consentimiento previo.

*La sentencia debe ser confirmada.*