V.O. INDUSTRIAL CORPORATION, demandante y recurrente, *v.* KOMODIDAD DISTRIBUTORS, INC., demandada y recurrida.

*Número:* RE-89-142          *Resuelto:* 30 de junio de 1992

262

*Pedro Juan Pérez Nieves,* de *Saldaña, Rey, Morán y Alvarado,* abogados de la parte demandante y recurrente; *Julio Vázquez—Muñoz,* abogado de la parte demandada y recurrida.

EL JUEZ ASOCIADO SEÑOR ALONSO ALONSO emitió la opinión del Tribunal.

Determinamos cuándo comienza a correr el período prescriptivo para que un arrendador ejercite la acción para hacer cumplir una cláusula contractual del contrato de arrendamiento en el que el arrendatario se obliga a pagar las contribuciones sobre la propiedad inmueble del bien arrendado en circunstancias como las de autos. Analizadas las disposiciones legales pertinentes, resolvemos que dicho término comienza a contar desde que el Secretario de Hacienda (en adelante el Secretario) le *notifica* al propietario la tasación e imposición contributiva y no desde que éste

realiza la tasación. Por ello revocamos la parte de la sentencia aquí recurrida que dispuso lo contrario.

I

La recurrente V.O. Industrial Corp. (V.O.) es dueña de un solar y un edificio industrial localizado en la carretera Núm. 156, jurisdicción del Municipio de Caguas. *Desde el 1ro de septiembre de 1971* V.O. arrendó el solar y el edificio industrial a la recurrida Komodidad Distributors, Inc. (Komodidad) para uso industrial y de distribución de sus productos. Mediante contratos de arrendamiento sucesivos las partes continuaron su relación contractual por el período en controversia. *Todos los contratos de arrendamiento* vigentes durante el período pertinente contenían una cláusula donde Komodidad se obligaba a pagar *todas las contribuciones sobre la propiedad inmueble* que le fueran impuestas por el Secretario al inmueble arrendado para cada uno de los años de vigencia del arrendamiento. *El pago de esas contribuciones, de acuerdo con los contratos, era considerado por las partes como cánones de arrendamiento adicionales.*

El 23 de julio de 1969, la parcela de 1.34 cuerdas donde ubica el edificio objeto del arrendamiento fue físicamente segregada de la finca principal de la cual formaba parte, y que pertenecía a V.O. Para el *18 de febrero de 1971*, el Secretario *tasó* dicha parcela como finca independiente. Sin embargo, es el *3 de noviembre de 1986* que el Secretario *notificó* a V.O., por primera vez, los recibos de contribución correspondientes al inmueble arrendado para los años fiscales 1972–1973 hasta e inclusive el primer semestre del año fiscal 1986–1987, porque dichos terrenos no fueron segregados ni tasados para propósito de la contribución territorial sino hasta 1986. Hasta 1986 V.O. había estado pagando contribuciones directamente al Secretario por la

finca principal de la cual la propiedad arrendada formaba parte.(¹) El Secretario no impuso penalidad, recargos o intereses sobre las contribuciones notificadas por medio de dichos recibos. El monto de dichas contribuciones ascendía a $100,451.80 y su pago vencía el 1ro de febrero de 1987.

Entendiendo que *desde el momento de la notificación del Secretario eran líquidos y exigibles los cánones de arrendamiento adicionales* que en concepto del pago de contribuciones las partes habían pactado, V.O. le requirió a Komodidad el pago del principal de las contribuciones notificadas. Mediante Carta de 16 de diciembre de 1986 V.O. le exigió a Komodidad el pago "cuando aún podía realizarse el mismo sin recargos, intereses o penalidades". Revisión, pág. 3.

Komodidad se negó a satisfacer el pago de las contribuciones.

El *20 de febrero de 1987* V.O. instó demanda solicitando que, de conformidad con lo pactado por las partes, se obligara a Komodidad a pagar el importe del principal de las contribuciones de la propiedad notificadas por el Secretario, más cualesquiera intereses, recargos o penalidades que le fueran impuestas a consecuencia de la falta de pago de dicho principal.

Komodidad contestó la demanda y levantó, entre varias defensas afirmativas, la prescripción de la acción instada por V.O.

Luego de los trámites procesales de rigor, el foro de instancia dictó sentencia en la que declaró con lugar la demanda en cuanto al pago de las contribuciones a partir del año fiscal 1982–1983 hasta 1986–1987, y sin lugar en

---

(¹) El Secretario de Hacienda (en adelante el Secretario) tasó como finca separada el solar y el edificio arrendado a Komodidad Distributors, Inc. (en adelante Komodidad) en la suma de $21,070 durante los años fiscales 1972–1973 y 1973–1974, para una contribución de $2,724.08; impuso una contribución de $6,961.53 para los años fiscales 1974–1975 hasta 1977–1978; de $7,421.59 para los años 1978–1979 hasta 1985–1986 y de $7,784.80 para el año fiscal 1986–1987.

cuanto a las contribuciones previas bajo el fundamento de prescripción.

Luego de solicitar determinaciones de hecho adicionales, que le fueron denegadas, acude V.O. ante nos y sostiene que:

> ... [E]rró como cuestión de derecho el tribunal de instancia al determinar que estaba prescrita la causa de acción incoada por un arrendador contra un arrendatario para que de conformidad con el contrato de arrendamiento éste pagase las contribuciones territoriales sobre el inmueble arrendado, correspondientes a los años fiscales 1972–1973 a 1981–1982, cuando dichas contribuciones fueron notificadas por el Departamento de Hacienda al propietario el 3 de noviembre de 1986 y reclamadas por éste al arrendatario no más tarde del 16 de diciembre de 1986. Revisión, pág. 3.

Mediante el correspondiente trámite, le ordenamos a Komodidad que mostrara causa por la cual no debíamos revocar la parte de la sentencia del foro de instancia que desestimó la reclamación de V.O. para el período de 1972–1973 hasta 1981–1982 bajo el fundamento de prescripción.

Komodidad ha comparecido. Su contención no nos convence, por lo que resolvemos según lo intimado.

## II

▆▆▆ Las partes están de acuerdo en que a este caso le es aplicable el Art. 1866(2) del Código Civil, 31 L.P.R.A. sec. 5296(2), el cual establece que prescriben por el transcurso de cinco (5) años las acciones para reclamar el pago de cánones de arrendamiento. Véanse: *Blanch v. Sucn. del Moral*, 57 D.P.R. 23 (1940); *Abarca Sanfeliz v. Bank of Nova Scotia*, 46 D.P.R. 931 (1934). Ello en vista de que el pago de contribuciones al Estado se vislumbra en este caso como el pago de cánones de arrendamiento adicionales por una de las partes en la relación contractual, a saber, la

arrendataria Komodidad. *Abarca Sanfeliz v. Bank of Nova Scotia*, supra.

*Donde surge discrepancia de interpretaciones es al determinar en qué momento comienza a computarse dicho término de cinco (5) años.* Para el foro de instancia el término comienza a computarse desde que se *tasó la propiedad en 1971*, pues en ese momento nació la responsabilidad contributiva de V.O. con el Estado. Por su parte, la recurrente V.O. entiende que el término debe computarse desde el momento en que el Secretario *le notifica los recibos de contribuciones el 3 de noviembre de 1986,* pues desde ese momento es que *ella conoce el importe de las contribuciones y puede exigirle a Komodidad el pago al que contractualmente ésta se obligó en el contrato de arrendamiento.*

Pasamos a armonizar las disposiciones y obligaciones fiscales pertinentes con las obligaciones contractuales de las partes.

### III

V.O., como propietario del inmueble arrendado, tiene una obligación fiscal frente al Estado. *De La Haba v. Tribl. Contribuciones*, 76 D.P.R. 923 (1954). La misma surge de la ley. 13 L.P.R.A. sec. 449. Por ley, es el dueño (arrendador) quien debe pagar y a quien el Estado le impone la contribución. El interés del Estado no se afecta por el hecho de que el arrendador y arrendatario hayan pactado que éste último asumiría el pago de las contribuciones de la propiedad. 2 *Puerto Rico Taxes* sec. 31, 281 (1992). Sin embargo, ese pacto es válido y vincula a dichas partes. De hecho, la ley de contribuciones reconoce que un inquilino o arrendatario de un inmueble puede pagar las contribuciones y recargos impuestos a dicho inmueble en cualquier tiempo después que los mismos hayan vencido sin ser satisfechos por el dueño y deducir lo así pagado de la renta. 13 L.P.R.A. sec. 479.

Por otro lado, Komodidad, en su relación arrendaticia con V.O., tiene la obligación contractual de pagar las contribuciones que el Estado le imponga a V.O. De manera que en el caso ante nos debemos armonizar el momento en que nace la obligación legal de V.O. frente al Estado con respecto al pago de las contribuciones, con el momento en que V.O. puede exigir a Komodidad (que es un tercero respecto al Estado) el pago de la obligación contractual válidamente pactada entre ambas partes. De esta última reclamación es que trata este caso.

■ En *Asociación de Maestros v. Sancho Bonet, Tes.*, 54 D.P.R. 536, 540–542 (1939),[2] resolvimos que la responsabilidad del dueño de una propiedad de pagar las contribuciones sobre la propiedad al fisco *surge a la fecha en que la tasación de la finca para fines contributivos queda terminada.* Ello es así ya que el Estado necesita fijar una fecha cierta, anterior al momento físico del cobro, en que pueda definitivamente calcular y proyectar sus ingresos para el siguiente año fiscal, facilitar las gestiones de cobro, flotar sus empréstitos, aumentar o reducir las contribuciones, etc. Como allí reconociéramos, "[t]oma tiempo el preparar la lista de las tasaciones sobre las propiedades, las planillas y los recibos de contribuciones". *Asociación de Maestros v. Sancho Bonet, Tes.*, supra, pág. 542. Pero ello no es óbice para que, de antemano, se establezca el estado contributivo de la propiedad.

En *Buscaglia, Tes. v. Tribl. Contribuciones*, 68 D.P.R. 37,

---

[2] En ese caso resolvimos que aun cuando antes de comenzar el año fiscal, el 1ro de julio, se había concluido una edificación en la propiedad objeto de tributación que hacía aplicable una exención contenida en el Código Político, tal exención no era aplicable a la contribución de dicho año, pues la propiedad había sido tasada a los fines fiscales el 15 de enero del año fiscal en curso. El propio Código Político disponía que tasada, la propiedad al 15 de enero de cualquier año fiscal, surgía a esa fecha la imposición contributiva, y la persona a cuyo nombre se tasó la propiedad era responsable de tal imposición sin afectarse ésta por lo que resultase posterior al 15 de enero y antes de que adviniera pagadero el primer semestre de la contribución el 1 de julio.

39 (1948),[3] reafirmamos que el estado contributivo de toda propiedad, mueble o inmueble, *surge a 15 de enero de cada año fiscal,* de suerte que la responsabilidad u obligación contributiva del propietario de tal propiedad frente al Estado nace en esa fecha, adeudando la contribución desde entonces aunque no le sea cobrada. *Puerto Rico Taxes,* supra, Sec. 31, 510.

■ Sin embargo, en *García Commercial v. Srio. de Hacienda,* 80 D.P.R. 765, 768 (1958), resolvimos que "[n]ormalmente el término 'tasación' significa la valoración de la propiedad. Pero esa etapa del proceso contributivo *sólo termina cuando el Secretario de Hacienda notifica a cada contribuyente la valoración realizada".* (Énfasis en el original suprimido y énfasis suplido.)

De manera que, "[j]urídicamente la tasación *sólo se perfecciona* cuando la valoración *se notifica* al contribuyente en la forma que dispone la ley". (Énfasis suplido.) *García Commercial v. Srio. de Hacienda,* supra, pág. 776; *Puerto Rico Taxes,* supra, Sec. 31, 272. Al respecto, Meléndez Carrucini señala:

> En los trámites relativos a la contribución sobre propiedad … la palabra tasación significa generalmente el hecho de valorar la propiedad para fines de fijar la base sobre la cual se determina el tributo. No obstante, esta circunstancia no debe dar lugar a confusión. *El hecho cierto es que el proceso impositivo en contribución sobre propiedad termina cuando se notifica la tasación o valoración de la propiedad.* G. Meléndez Carrucini, *Procedimiento Contributivo de Puerto Rico,* Instituto de Contribuciones de P.R., Inc., 1981, sec. 14.04 (A).

■ Conforme al Art. 330 del Código Político, 13 L.P.R.A. sec. 476, "[l]as contribuciones impuestas sobre el

---

[3] En ese caso resolvimos que una exención contributiva sobre cierta propiedad mueble, concedida por una ley que entró en vigor el 1 de julio de 1945, no cubría la contribución para el año fiscal que comenzaba a esa fecha puesto que la contribución había sido impuesta y el contribuyente era responsable de desde el 15 de enero de ese año según disponía el Código Político.

valor de los bienes muebles e inmuebles serán pagaderas semestralmente por adelantado, el día primero de julio y de enero de cada año".(⁴) Pero ello no quiere decir que el Secretario tenga que notificar a esa fecha los recibos de contribución. Según resolvimos en *García Commercial v. Srio. de Hacienda*, supra, la ley no fija un término prescriptivo para llevar a cabo la tasación de bienes inmuebles y la imposición de la contribución de la propiedad. Más aun, el Art. 303 del Código Político, 13 L.P.R.A. sec. 454, establece en parte que si en la tasación de un contribuyente durante un año económico se omite indebidamente propiedad inmueble será deber del Secretario "hacer que se tase inmediatamente por los años durante los cuales dicha propiedad no ha sido tasada, y agregarla a la lista de contribuciones por dichos años, procediendo al cobro de las contribuciones que a ella corresponden ...".(⁵) *Cf. Salom Pizá v. Srio. de Hacienda*, 92 D.P.R. 232 (1965).

Además, el Art. 309 del Código Político, 13 L.P.R.A. sec. 459, dispone en parte que:

> Cuando se hiciere algún cambio en la tasación vigente de la propiedad de cualquier contribuyente, o se tasare la propiedad de un contribuyente que no hubiere sido anteriormente tasada, o se hiciere alguna alteración en la planilla de tasación presentada por algún contribuyente, o cuando el contribuyente hubiere solicitado la revaloración de su propiedad, el Secretario de Hacienda o el colector de rentas internas a quien corresponda, *notificará* a dicho contribuyente de la valoración y de la contribución impuesta, con entrega de una copia de la misma al contribuyente, o a cualquier miembro mayor de edad de su familia o empleado suyo que sea mayor de edad, o a la persona que estuviere encargada de dicha propiedad, o *remitiendo la notifi-*

---

(⁴) Esa disposición recoge lo resuelto en *Asociación de Maestros v. Sancho Bonet, Tes.,* 54 D.P.R. 536 (1939), y en *Buscaglia, Tes. v. Tribl. Contribuciones,* 68 D.P.R. 37 (1948). Véase, además, 2 *Puerto Rico Taxes* sec. 31, 211 (1992).

(⁵) Nótese que con relación a los bienes inmuebles omitidos en la tasación se le permite al Secretario, en tales circunstancias, imponer una contribución retroactiva. Ello no es así en casos normales de bienes muebles. *Cf. García Commercial v. Srio. de Hacienda,* 80 D.P.R. 765 (1958); *Salom Pizá v. Srio. de Hacienda,* 92 D.P.R. 232 (1965); Meléndez Carrucini, *op. cit.,* sec. 14.04(B).

*cación por correo,* dirigida al contribuyente a la estación de correos del municipio de su residencia, y si ésta le fuera desconocida, a la estación de correos del municipio donde radique la propiedad en aquellos casos en que haya sido imposible la notificación personal; y el contribuyente vendrá obligado a pagar la contribución en la forma y dentro del término dispuesto en la sec. 476 de este título. (Énfasis suplido.)

*Los recibos contributivos* constituyen la notificación por correo de la responsabilidad contributiva. *Salom Pizá v. Srio. de Hacienda*, 92 D.P.R. 232 (1965).

El Art. 331 del Código Político, 13 L.P.R.A. sec. 477, establece que no es necesario el requerimiento de pago, sino que *basta la notificación de la imposición* de la contribución en la forma dispuesta por dicho código para que el contribuyente venga obligado a pagar.

De manera que, con relación al Estado, el propietario de un inmueble en Puerto Rico viene obligado, al primero de enero de cada año, a pagar un impuesto anual (ad valórem) sobre dicha propiedad por imposición de la ley. Sin embargo, no es hasta que el Secretario tasa y *notifica* al contribuyente la valoración de la contribución *que tal tasación se perfecciona y el propietario tiene que pagarlo.* Tanto es así, que el contribuyente tiene que esperar a que el Secretario le notifique la contribución antes de poder acudir al Tribunal Superior a cuestionar la misma. Meléndez Carrucini, *op. cit.*, secs. 14.03 y 14.03(b)([6]) y 14.04(a). Esa valoración y notificación al contribuyente puede tardar en realizarse. Así sucede, por ejemplo, cuando se omite indebidamente propiedad inmueble durante un año económico, *cuando la propiedad no haya sido*

---

[6] Adviértase que las apelaciones de la imposición de contribuciones sobre la propiedad se presentan directamente ante el Tribunal Superior, ya que la ley no provee un procedimiento de reconsideración y vista administrativa ante el Secretario una vez la contribución ha sido impuesta y notificada por los medios provistos en la ley. Arts. 309 y 330 del Código Político, 13 L.P.R.A. secs. 459 y 476, respectivamente. *Realty Corporation v. Tesorero*, 78 D.P.R. 17 (1955); *Meléndez Carrucini, op.cit.*, sec. 14.03.

*previamente tasada* o se haga una alteración a la planilla de tasación presentada, o el contribuyente solicite la revaloración de la propiedad. En tales casos la ley faculta al Secretario para imponer la contribución retroactivamente desde la fecha del ajuste. Para el trámite de tasación véase Meléndez Carrucini, *op.cit.*, sec. 14.02[A].

En el caso de autos las partes estipularon que "[l]a propiedad arrendada a [Komodidad] por [V.O.] enclava en terrenos de la arrendadora que no fueron segregados para propósitos de la contribución territorial *hasta 1986*, aunque su segregación física de la finca principal se llevó a cabo cuando se construyó el edificio existente [en 1971] .... Hasta 1986 [V.O.] estuvo pagando contribuciones directamente al Secretario de Hacienda por la finca principal que incluye la propiedad arrendada". (Énfasis suplido.) Informe sobre conferencia con antelación al juicio, pág. 13. Estipularon, además, que la notificación requerida por el Código Político para la imposición de las contribuciones sobre la propiedad de la nueva finca segregada y tasada por primera vez en 1971 *fue enviada por vez primera en noviembre de 1986 mediante los correspondientes recibos contributivos.* Con la notificación de dichos recibos al contribuyente es que se completa el proceso de tasación e imposición contributiva y surge la deuda fiscal pagadera y exigible por el Estado. *De suerte que, a los fines contributivos, es el 3 de noviembre de 1986 que surge la obligación del pago de la deuda de V.O. frente al Estado con relación a las contribuciones sobre la propiedad, aun cuando la obligación impuesta por ley existía desde 1971.*

Ahora bien, nos resta determinar desde qué momento surgió la causa de acción del arrendador para hacer cumplir *la obligación contractual* de la arrendataria de asumir el pago de las contribuciones según lo pactado.

■ Sobre el particular, el Art. 1869 del Código Civil, 31 L.P.R.A. sec. 5299, dispone que:

El tiempo para la prescripción de toda clase de acciones, cuando no haya disposición especial que otra cosa determine, se contará *desde el día en que pudieron ejercitarse.* (Énfasis suplido.)

¿Desde qué día pudo la arrendadora V.O. ejercitar la acción para hacer que Komodidad cumpliera su obligación, contractualmente asumida, del pago de las contribuciones de la propiedad?

Armonizando las obligaciones legales y contractuales de las partes, *resulta lógico concluir que la obligación contractual asumida por Komodidad dependía de que el Secretario le notificara a V.O. el monto de la deuda contributiva,* ya fuera para cada año fiscal o retroactivamente para los años fiscales en los que no se realizó la tasación y la notificación que exige la ley. Hasta tanto no ocurre la notificación al contribuyente exigida por la ley, el precio adicional del arriendo contractualmente pactado por las partes en este caso *no era un precio cierto, líquido y exigible. Cf.* Art. 1066 del Código Civil, 31 L.P.R.A. sec. 3041.

Siendo ello así, desde la fecha de notificación al contribuyente de la deuda contributiva es que en este caso comienza a correr el plazo prescriptivo de cinco (5) años para el cobro de esos cánones adicionales de arrendamiento. Art. 1866(2) del Código Civil, 31 L.P.R.A. sec. 5296(2). *La prescripción no corre contra lo inexistente.* Aquí desde que se tasó por vez primera la finca en 1971 no se notificó al contribuyente recibo de contribución alguno hasta el 3 de noviembre de 1986. En esta última fecha nació la acción contractual de V.O. de exigir el pago de los cánones adicionales cuyo precio advino cierto, líquido y exigible en tal fecha. Como señalamos en *Suria v. Fernández Negrón,* 101 D.P.R. 316 (1973):

Obviamente, no puede extinguirse por prescripción lo que no ha surgido a la vida en el campo del Derecho. Se nace y después se muere; la secuencia no puede invertirse. Véase, además, J.

Santos Briz, *Derecho Civil: Teoría y Práctica*, Madrid, Ed. Rev. Der. Privado, 1978, T. I, págs. 690–691.

En el caso de autos, al momento de firmarse los contratos entre V.O. y Komodidad, el Secretario no había notificado la tasación e imposición de ninguna de las contribuciones anuales.(⁷) Por ello se desconocía el monto de dicha contribución. V.O. no podía válidamente obligar a Komodidad a dar cumplimiento específico al contrato hasta que en 1986 el Secretario notificó la tasación e imposición de la contribución sobre la propiedad arrendada para el período entre 1971 a 1986 y puso las mismas al cobro. Es en 1986 que nace la causa de acción de V.O. para reclamar el cumplimiento específico de la cláusula sobre cánones adicionales de los contratos de arrendamiento que nos ocupan en este caso.

▇▇▇ ¿Había prescrito dicha causa de acción? Nuestro Código Civil establece que el término prescriptivo de las acciones puede interrumpirse en tres (3) formas distintas, a saber: (1) por su ejercicio ante los tribunales; (2) por reclamación extrajudicial, y (3) por cualquier acto de reconocimiento de deuda por el deudor. Art. 1873 del Código Civil, 31 L.P.R.A. sec. 5303; *Cintrón v. E.L.A.*, 127 D.P.R. 582 (1990).

La carta enviada por V.O. a Komodidad el 16 de diciembre de 1986, donde le requería el pago de los recibos contributivos notificados por el Secretario el 3 de noviembre de ese año, cualifica como la reclamación extrajudicial necesaria para interrumpir el término de cinco (5) años, desde que pudo ejercitarse la acción, que tenía V.O. para reclamar los cánones de arrendamiento adicionales por concepto de contribuciones sobre la propiedad que Komodidad se obligó válidamente a pagar.

La acción no estaba prescrita. Una solución en contrario tendría el efecto de negarle a V.O. el derecho a instar una

---

(⁷) Adviértase que la firma del primer contrato entre V.O. y Komodidad es posterior a la fecha en que el Secretario realiza la primera tasación en 1971.

acción surgida del incumplimiento de un contrato por el hecho de que el Secretario cumpliera con su deber de notificar la tasación e imposición de las contribuciones de la propiedad quince (15) años después de que se realizara la tasación de dicha propiedad a los fines fiscales. Aquí el proceso de tasación culminó cuando se notificó la tasación e imposición de las contribuciones en 1986. Mientras, Komodidad usó y disfrutó la referida propiedad sin pagar el canon adicional, que se obligó a pagar, debido a causas ajenas al arrendador. Erró el foro de instancia al así no reconocerlo.

*Se dictará sentencia de conformidad.*