ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| **GILBERTO GONZÁLEZ GONZÁLEZ**<br><br>Apelante<br><br>v.<br><br>**ISABELO HIRALDO CRUZ**<br><br>Apelado | KLAN202500403 | **APELACION** procedente del Tribunal de Primera Instancia, Sala Superior de **Carolina**<br><br><br>Civil Núm.:<br>**CA2024CV04047**<br><br>Sobre:<br>Cobro de Dinero |

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Jueza Aldebol Mora y la Jueza Boria Vizcarrondo

Boria Vizcarrondo, Jueza Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 30 de junio de 2025.

Comparece ante nos el señor Gilberto González González (Sr. González González o apelante) mediante el presente recurso de *Apelación* en el que nos solicita que revoquemos la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina, el 21 de marzo de 2025.[1] En el dictamen, el foro primario determinó que la reclamación instada sobre cobro de dinero estaba prescrita, y, en su consecuencia, desestimó la demanda de epígrafe.

Por los fundamentos que expondremos a continuación, revocamos la *Sentencia* apelada.

### I.

El caso de marras tiene su génesis el 2 de diciembre de 2024 cuando el Sr. González González presentó una *Demanda* sobre cobro de dinero por la vía ordinaria en contra del señor Isabelo Hiraldo Cruz (Sr. Hiraldo Cruz o apelado).[2] El Sr. González González alegó

---

[1] Apéndice del recurso de *Apelación*, págs. 1-7. Notificada y archivada en autos el 24 de marzo de 2025.
[2] *Íd.*, págs. 13-14.

que era el hijo y único heredero de la causante Perfecta González Hiraldo (Sra. González Hiraldo) quien había fallecido el 18 de enero de 2018.[3] Sostuvo que el Sr. Hiraldo Cruz retiró y se apropió ilegalmente de $8,680.27, los cuales se encontraban en una cuenta del Banco Popular de Puerto Rico de la Sra. González Hiraldo. Indicó, además, que dicho dinero le pertenecía a él por concepto de herencia. De igual modo, expuso que el Sr. Hiraldo Cruz cobró y retuvo para su beneficio la cantidad de $9,800.00 correspondiente al canon de renta de $200.00 mensuales que pagó el inquilino de la Sra. González Hiraldo. Por ende, solicitó del foro primario que ordenara al Sr. Hiraldo Cruz a pagar la suma de $18,480.27, al igual que $1,000.00 en concepto de honorarios de abogado.

Por su parte, el Sr. Hiraldo Cruz presentó una *Moción* el 8 de enero de 2025 en la cual expresó que era primo de la causante González Hiraldo.[4] Expuso que se ocupó de la salud, cuidado y alimentación de la Sra. González Hiraldo, y que fue a la casa de esta por aproximadamente más de doce (12) años, mientras que el Sr. González González no se presentaba para brindar ayuda. Además, admitió haber retirado el dinero del banco, pues expuso que la Sra. González Hiraldo le había indicado que los sacara por los años de servicio que le brindó; y adujo que el dinero de la renta fue utilizado por la Sra. González Hiraldo para completar pagos de cuido y tratamientos. Del mismo modo, solicitó al TPI que fijara un término para poder comparecer formalmente con representación legal.

Posteriormente, el 17 de febrero de 2025, el Sr. Hiraldo Cruz presentó una *Moción de Desestimación.*[5] Sostuvo que la acción de epígrafe estaba prescrita, conforme al Artículo 1203 del Código Civil de 2020, 31 LPRA sec. 9495. Arguyó, además, que procedía la

---

[3] *Íd.*, pág. 19. A pesar de que en la demanda se indicó que la Sra. González Hiraldo había fallecido el 18 de enero de 2018, esta murió el 18 de enero de 2019, conforme a su *Certificado de Defunción.*
[4] *Íd.*, págs. 15-22.
[5] *Íd.*, págs. 24-28.

desestimación de la demanda presentada por el Sr. González González toda vez que dejaba de exponer una reclamación que justificara la concesión de algún remedio por estar prescrita, conforme a la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2.

En respuesta, el 7 de marzo de 2025 el Sr. González González presentó su *Oposición a Moción de Desestimación.*[6] En síntesis, alegó que en la *Moción* presentada por el Sr. Hiraldo Cruz el 8 de enero de 2025, este último aceptó las alegaciones plasmadas en la *Demanda,* y no realizó ninguna defensa afirmativa respecto a la prescripción. Por tal razón, arguyó que, conforme a las Reglas de Procedimiento Civil, *supra,* el Sr. Hiraldo Cruz había renunciado a la defensa afirmativa de la prescripción.

El 21 de marzo de 2025, el TPI emitió una *Sentencia* en la que desestimó la reclamación de marras por estar prescrita. En lo pertinente, dicho foro razonó que la causante González Hiraldo, murió el 18 de febrero de 2019 y que, desde esa fecha, el Sr. González González tenía conocimiento de la alegada deuda, y sabía que podía y/o debía instar cualquier reclamación que entendiera que tuviese derecho en contra del Sr. Hiraldo Cruz y no lo hizo. Concluyó que no fue hasta cinco años y diez meses después del fallecimiento de la causante que presentó su reclamación; es decir, fuera del término prescriptivo de cuatro (4) años, según el Artículo 1203 del Código Civil de 2020.

El 7 de abril de 2025 el Sr. González González presentó una *Moción de Reconsideración,*[7] la cual fue declarada No Ha Lugar por el TPI.[8]

---

[6] *Íd.,* págs. 29-31.
[7] *Íd.,* págs. 8-11.
[8] *Íd.,* pág. 12. Notificada y archivada en autos el 8 de abril de 2025.

Inconforme, el 7 de mayo de 2025, el Sr. González González acudió ante nos mediante el presente recurso de *Apelación* y nos planteó el siguiente señalamiento de error:

> **ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DESESTIMAR LA DEMANDA POR PRESCRIPCIÓN, AL APLICAR EL TÉRMINO PRESCRIPTIVO DE CUATRO (4) AÑOS DEL ARTÍCULO 1203 DEL CÓDIGO CIVIL DE 2020, 31 LPRA SEC. 9495, CUANDO, POR DISPOSICIÓN EXPRESA DE DICHO CÓDIGO, EL TÉRMINO PRESCRIPTIVO APLICABLE A ESTA ACCIÓN ES EL DE QUINCE (15) AÑOS DEL ARTÍCULO 1864 DEL CÓDIGO CIVIL DE 1930, 31 LPRA SEC. 5294.**

Por su parte, el 16 de junio de 2025, el Sr. Hiraldo Cruz presentó un *Alegato Parte Apelada.* En lo pertinente, expuso que, según el Artículo 1814 del Código Civil de 2020, *supra*, sec. 11719, y tomando en consideración que la reclamación de cobro de dinero fue presentada luego de entrar en vigor el Código Civil de 2020, *supra*, dicha acción estaba prescrita.

Contando con la comparecencia de ambas partes, procedemos a resolver.

## II.

### A.

A tenor con la Regla 10 de Procedimiento Civil, *supra*, R. 10, la parte demandada puede presentar tres (3) tipos de mociones previo a contestar la demanda presentada en su contra: (1) una solicitud de desestimación; (2) una solicitud para solicitar una exposición más definida; (3) y una moción eliminatoria. Véase, además, *Costas Elena v. Magic Sport Culinary, Corp.*, 213 DPR 523, 533 (2024). Asimismo, una persona contra quien se presentó una reclamación judicial puede solicitar la desestimación del pleito si es evidente que de las alegaciones incluidas en la demanda prosperará alguna de las defensas afirmativas de la Regla 10.2 de Procedimiento Civil, *supra.* Véase, *Comisión v. González Freyre*, 211 DPR 579 (2023); *Eagle Security Police, Inc. v. Dorado*, 211 DPR 70, 83 (2023);

*Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 701 (2012). A tenor con ello, la parte demandada puede presentar una solicitud de desestimación invocando que la demanda "deja de exponer una reclamación que justifique la concesión de un remedio". *Eagle Security Police, Inc. v. Dorado, supra*, pág. 83.

En vista de ello, los Tribunales no deberán desestimarla " 'una demanda no debe ser desestimada por insuficiencia, a menos que se desprenda con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que puedan ser probados en apoyo de su reclamación' ". *Accurate Solutions v. Heritage Enviromental*, 193 DPR 423, 432 (2015) (*citando a Boulon v. Pérez*, 70 DPR 988, 993 (1950)). Por consiguiente, los Tribunales estarán "obligados a tomar como ciertos —y de la manera más favorable a la parte demandante— todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente". *Eagle Security Police, Inc. v. Dorado, supra*, pág. 84; véase, además, *González Méndez v. Acción Social et al.*, 196 DPR 213, 234 (2016); *Rivera Sanfeliz et al. v. Jta. Dir. Firstbank*, 193 DPR 38, 49 (2015). También deberán "interpretar las alegaciones en forma conjunta y liberal, y de la manera más favorable a la parte demandante". *González Méndez v. Acción Social et al., supra*, pág. 234; *Torres, Torres v. Torres Serrano*, 179 DPR 481, 501-502 (2010); *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, 428-429 (2008); *Roldán Rosario v. Lutron, S.M., Inc.*, 151 DPR 883, 890 (2000). De esta forma, cuando los hechos están bien alegados, la parte demandada tiene que probar "con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de derecho que pueda ser probado en apoyo de su reclamación, aun interpretando la demanda de la forma más liberal posible a su favor". *Accurate Solutions v. Heritage Enviromental, supra*, pág. 433 (*citando a* J.A. Cuevas Segarra, *Tratado de derecho*

*procesal civil,* 2ª ed. rev., San Juan, Pubs. JTS, 2011, T. II, págs. 528–529).

**B.**

Entre las defensas afirmativas que pueden levantarse en la contestación en la demanda está la prescripción adquisitiva o extintiva. Regla 6.3 de Procedimiento Civil, *supra,* R. 6.3. En lo pertinente, la prescripción extintiva es una figura del Derecho Civil que extingue el derecho de una persona a ejercer determinada causa de acción, que, a su vez, está intrínsecamente unido al derecho que se intenta reivindicar. *SLG Haedo- López v. SLG Roldán-Rodríguez,* 203 DPR 324, 336 (2019). Este tipo de acción prescribe por el mero lapso del tiempo fijado por la ley. Artículo 1861 de *"Código Civil de Puerto Rico" Edición de 1930,* 31 LPRA ant. sec. 5291. El propósito de la figura de la prescripción es castigar la inercia y la estimulación de ejercer de manera rápida sus acciones, pues no se debe exponer a otras personas toda la vida, o por un largo tiempo, a ser demandadas. *SLG Haedo- López v. SLG Roldán-Rodríguez, supra,* págs. 336-337. Aun así, el término prescriptivo de las acciones queda interrumpido por las siguientes acciones: "(1) su ejercicio ante los tribunales; (2) por la reclamación extrajudicial del acreedor; y (3) por cualquier acto de reconocimiento de la deuda por el deudor". Artículo 1873 del Código Civil de 1930, 31 LPRA ant. sec. 5303.

Respecto a las acciones personales en cobro de dinero, les aplica el término prescriptivo dispuesto para acciones personales. *Blanch v. Sucn. Del Moral,* 57 DPR 23, 27 (1940). De aplicar el derogado Código Civil del 1930, 31 LPRA ant. sec. 5294, el término prescriptivo sería de quince (15) años para el ejercicio de dichas causas de acción. Sin embargo, de aplicar el Código Civil de 2020, *supra,* sec. 9495, serían cuatro (4) años, salvo cuando la ley fije un plazo distinto. Para determinar cuál de los dos códigos aplica, el

Artículo 1814 del Código Civil de 2020, *supra,* sec.11719, dispone que:

> Los **términos prescriptivos**, de caducidad o de usucapión **que estén transcurriendo en el momento en que este Código entre en vigor**, **tienen la duración dispuesta en la legislación anterior**; pero si el término queda interrumpido después de la entrada en vigor de este Código, su duración será la determinada en este.

(Énfasis suplido).

## C.

Por otra parte, la sucesión es la transmisión de los derechos y obligaciones de la persona difunta a sus herederos. Artículo 599 del Código Civil de 1930, *supra,* ant. sec. 2081. Es meritorio indicar que la sucesión no solamente incluye los derechos y obligaciones de la persona fallecida, tales como existían al tiempo de su muerte, sino que también incluye los bienes que correspondan a dicha sucesión después de su apertura, al igual que las cargas y obligaciones que le fueren inherentes. Artículo 601 del Código Civil de 1930, *supra,* ant. sec. 2083. Asimismo, "[l]os derechos a la sucesión de una persona se transmiten desde el momento de su muerte". Artículo 603 del Código Civil de 1930, *supra,* ant. sec. 2085. (Énfasis suplido). Por ende, la herencia incluye "todos los bienes, derechos y obligaciones de una persona, que no se extingan por su muerte". Artículo 608 del Código Civil de 1930, *supra,* ant. sec. 2090. Nuestro máximo foro sostuvo que:

> [S]on transmisibles por herencia, entre otros: los derechos patrimoniales; los derechos de socio en las sociedades de capitales; la cualidad de socio en las sociedades de personas; la acción para reclamar la filiación legítima; la acción para impugnar los actos o negocios jurídicos realizados por el causante en fraude de la legítima; las diversas modalidades de la propiedad industrial; el derecho de autor; las obligaciones, salvo las de carácter personalísimo o cuando se trata de una prestación infungible; la propiedad funeraria; el derecho del causante a obtener indemnización por los daños y perjuicios que le hayan ocasionado en vida.
>
> *Sucesión Álvarez Crespo v. Pierluisi,* 150 DPR 252, 267-268 (2000) (*citando a* J. Puig Brutau*, Fundamentos de*

*Derecho Civil*, 2ª ed. rev., Barcelona, Ed. Bosch, 1975, T. V, Vol. I, págs. 4463).

En particular, el patrimonio es el conjunto de derechos y obligaciones pertenecientes a una persona y que es apreciable en dinero. *Viuda de Delgado v. Boston Ins. Co.*, 101 DPR 598, 606 (1973).

## III.

En el caso ante nuestra consideración, nos toca determinar si procedía aplicarle a la acción de epígrafe el término prescriptivo de cuatro (4) años establecido en el Artículo 1203 del Código Civil de 2020, *supra*, sec. 9495, en vez del término prescriptivo de quince (15) años plasmado en el Artículo 1864 del Código Civil de 1930, *supra*, ant. sec. 5294.

A juicio del foro primario, la reclamación de cobro de dinero estaba prescrita. Razonó que la causante González Hiraldo, murió el 18 de febrero de 2019 y que, desde esa fecha, el Sr. González González tenía conocimiento de la alegada deuda, y sabía que podía y/o debía instar cualquier reclamación que entendiera que tuviese derecho en contra del Sr. Hiraldo Cruz y no lo hizo. Concluyó que no fue hasta cinco años y diez meses después del fallecimiento de la causante que presentó su reclamación; es decir, fuera del término prescriptivo de cuatro (4) años, según el Artículo 1203 del Código Civil de 2020.

Inconforme, el Sr. González González sostuvo que, conforme al Artículo 1814 del Código Civil de 2020, *supra*, sec. 11719, y tomando en cuenta que la Sra. González Hiraldo había fallecido el 18 de enero de 2019, cuando aplicaba el Código Civil de 1930, *supra*, el término prescriptivo aplicable era el de la legislación anterior; es decir, el término de quince (15) años. Artículo 1864 del Código Civil de 1930, *supra*, sec. 5294.

Por su parte, el Sr. Hiraldo Cruz expuso que, conforme al Artículo 1814 del Código Civil de 2020, *supra*, sec. 11719, tomando en consideración que la reclamación de cobro de dinero fue presentada luego de entrar en vigor el Código Civil de 2020, *supra*, la misma estaba prescrita.

Tras un análisis objetivo y cuidadoso, resolvemos que el foro primario incidió en el señalamiento de error planteado por el Sr. González González.

Según pormenorizado anteriormente, a las acciones personales en cobro de dinero, les aplica el término prescriptivo dispuesto para acciones personales. *Blanch v. Sucn. Del Moral, supra*, pág. 27. De aplicar el derogado Código Civil de 1930, *supra*, ant. sec. 5294, el término prescriptivo sería de quince (15) años para el ejercicio de dichas causas de acción. Sin embargo, de aplicar el Código Civil de 2020, *supra*, sec. 9495, serían cuatro (4) años, salvo cuando la ley fije un plazo distinto. Aun así, los términos de las acciones pueden interrumpirse por medio del ejercicio ante los tribunales, extrajudicialmente por parte del acreedor, y por cualquier acto de reconocimiento de la deuda por parte del deudor. Artículo 1873 del Código Civil de 1930, *supra*, ant. sec. 5303. Respecto a la interrupción de los términos, el Artículo 1814 del Código Civil de 2020, *supra*, sec. 11719, dispone que:

> Los términos prescriptivos, de caducidad o de usucapión que estén **transcurriendo** en el momento en que este Código entre en vigor, **tienen la duración dispuesta en la legislación anterior**; pero si el término queda interrumpido después de la entrada en vigor de este Código, su duración será la determinada en este. (Énfasis suplido).

De igual modo, y en materia de sucesiones, "[l]os derechos a la sucesión de una persona se transmiten desde el momento de su muerte". Artículo 603 del Código Civil de 1930, *supra*, ant. sec. 2085.

En el presente caso, la Sra. González Hiraldo falleció el 18 de febrero de 2019, por lo que los derechos de la sucesión se transmitieron desde ese momento. Artículo 603 del Código Civil de 1930, *supra*, ant. sec. 2085. Luego de ser declarado como único y universal heredero de la Sra. González Hiraldo,[9] el Sr. González González presentó la demanda de epígrafe el 2 de diciembre de 2024. Lo anterior, para suplicar del foro primario la cantidad de $8,680.27 que fueron retirados por el Sr. Hiraldo Cruz de una cuenta de banco de la Sra. González Hiraldo, al igual que una suma de $9,800.00 correspondiente al canon de renta de $200.00 mensuales que pagó el inquilino de la Sra. González Hiraldo **desde febrero de 2019** a febrero de 2022. Luego de varios trámites procesales, el TPI desestimó la demanda de autos por prescripción, pues determinó que, conforme al Artículo 1814 del Código Civil de 2020, *supra*, sec. 11719, aplicaba el término de cuatro (4) años. Artículo 1203 del Código Civil de 2020, *supra*, sec. 9495.

Sin embargo, el foro primario incidió. El Artículo 1814 del Código Civil de 2020, *supra*, sec. 11719, dispone en lo pertinente que "**[l]os términos prescriptivos**, de caducidad o de usucapión **que estén transcurriendo en el momento en que este Código entre en vigor, tienen la duración dispuesta en la legislación anterior**". El Código Civil de 2020, *supra*, fue aprobado el 1 de junio de 2020 y comenzó a regir a los ciento ochenta (180) días después de su aprobación. Artículo 1820 del Código Civil de 2020, *supra*. Por ende, a la fecha en que entró en vigor el Código Civil de 2020, *supra*, **ya había nacido y estaba transcurriendo el término prescriptivo de quince (15) años para las acciones personales**. Artículo 1864

---

[9] El 5 de octubre de 2022, en el caso número CA2022CV03254, el foro primario emitió una *Resolución*, notificada y archivada en autos al siguiente día, en la que declaró Con Lugar la petición ex parte de declaratoria de herederos presentada por el Sr. González González el 5 de octubre de 2022. En su consecuencia, decretó como único y universal heredero de la Sra. González Hiraldo a su hijo, el Sr. González González, sin perjuicio de terceros, excepto que se tratare de herederos forzosos.

del Código Civil de 1930, *supra*, ant. sec. 5294. Es decir, el Código Civil de 1930, *supra*, determinó la duración del término prescriptivo para la reclamación de epígrafe, siendo este el de quince (15) años. Por ende, el foro primario erró al resolver que aplicaba el término de cuatro (4) años, dispuesto por el Código Civil de 2020, *supra*, para presentar las acciones personales, y, consecuentemente, desestimar la demanda.

**IV.**

Por los fundamentos antes expuestos, revocamos la *Sentencia* apelada. En consecuencia, se devuelve el caso al foro primario para para la continuación de los procedimientos.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones